## Phelps v. City of Lexington, et al.

(Decided December 17, 1915.)

### Appeal from Fayette Circuit Court.

Municipal Corporations—Creation of Indebtedness—Bond Issue.— A city of the second class, if it pursues the method pointed out in the statute, and does not exceed the constitutional limitation, may create an indebtedness in excess of the amount that may be raised in one year by taxation and issue bonds to pay the same, if the proposition is submitted to the people at a regular election and approved by two-thirds of those voting on the question.

GEORGE C. WEBB for appellant.

JAMES G. DENNEY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is a suit to test the validity of the creation of an indebtedness of $350,000.00 by the city of Lexington, and the issual of bonds therefor to provide funds for the improvement and extension of the storm water and san-

itary sewage system of the city. The appellant sought an injunction to restrain the city from issuing and selling the bonds, and the lower court having dismissed his petition, this appeal is prosecuted.

The record shows that the municipal affairs of the city of Lexington are conducted under the commission form of government, and that the commissioners, on August 30, 1915, after finding that it would be necessary for the city to improve and extend its storm water and sanitary sewage system, and that the anticipated cost would be $350,000.00, adopted an ordinance providing for the submission of the question of the creation of this indebtedness to the voters of the city at the regular election in November, 1915. The ordinance set out that the question to be submitted was: ''Are you in favor of the proposition that the city of Lexington incur an indebtedness of three hundred and fifty thousand dollars, and issue its bonds therefor, payable fifty thousand dollars in five years and ten thousand dollars each year thereafter until said indebtedness is paid, bearing interest at the rate of four and one-half per cent. per annum, payable semi-annually, to provide funds to extend and improve the storm water and sanitary sewage system of said city?''

The ordinance further provided that if the requisite number of voters approved of the ordinance by voting for the proposition submitted, there should be issued bonds as described in the ordinance to be used for the purpose therein mentioned. It also made provision for a sinking fund for the redemption of the bonds. It further directed the publication of the ordinance in the official newspaper of the city for at least two weeks just preceding the November election; and it is further shown that the ordinance was published in the manner and for the time required.

At the regular November election, 1915, the question was submitted to the voters of Lexington, and it is shown that 3,733 votes were cast on the question, 2,895 being in favor of the creation of the indebtedness, and 838 against it. After the result of the election had been ascertained by the officials whose duty it was to certify the result of elections, and it was found that more than two-thirds of those voting on the proposition had voted in favor of it, the board of commissioners adopted an ordinance providing for the issual and sale of the bonds,

and made further provision for the levying of an annual tax to pay the interest and create a sinking fund to liquidate the bonds as they fell due.

The record further shows that the value of the property of the city of Lexington subject to assessment and taxation as shown by the assessment made in 1913 and 1914 was $27,827,832.00; that the total existing indebtedness of the city, including the bonded indebtedness of the board of education, as well as the $350,000.00 bond issue here involved, and the $100,000.00 bond issue voted at the same election for the benefit of the public schools, and also a floating indebtedness of $264,000.00, was $1,753,336.52. It further shows that the tax rate levied for the year 1915 for school purposes was 43½ cents, and for purposes other than school, $1.31½, or a total of $1.75.

It is provided in section 157 of the Constitution that the tax rate for other than school purposes for towns and cities having a population of fifteen thousand or more shall not at any time exceed $1.50 on the $100.00; and further provided that no city shall be permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election held for that purpose.

In section 158 it is provided that cities of the first and second class, Lexington being a city of the second class, shall not be authorized or permitted to incur an indebtedness to an amount, including existing indebtedness, in the aggregate exceeding ten per centum of the value of the taxable property therein, to be estimated by the assessment next before the last assessment previous to the incurring of the indebtedness.

And in section 159 it is provided that whenever any city contracts an indebtedness, it shall provide for the collection of a tax sufficient to pay the interest and create a sinking fund to pay the principal within forty years from the time the debt was contracted.

From the record before us it appears that all of the preliminary steps necessary to have a valid submission of the proposition to the people of the city were taken in the manner provided by law; and it further appearing that the proposition, after being properly submitted to the people, was adopted by the requisite number of votes, and that the indebtedness of the city, including

this bond issue, does not exceed the constitutional limit, and that a levy within the constitutional limit will be sufficient to raise the necessary funds to defray the current expenses of the city as well as take care of the interest on its indebtedness, including this bond issue, and create a sinking fund for the payment of the same, we find no reason for disturbing the judgment of the lower court, and it is affirmed.